Raymond W. SCHMELZER, Plaintiff,

v.

James J. CALLY, et al., Defendants.

Civ. A. No. C81–2203.

United States District Court,
N. D. Ohio, E. D.

Jan. 26, 1982.

John G. Papandreas, Jonathan H. Soucek, Cleveland, Ohio, for plaintiff.

James J. Cally, pro se.

## MEMORANDUM AND ORDER

ALDRICH, District Judge.

In this diversity action (28 U.S.C. § 1332) plaintiff Raymond Schmelzer, an Ohio resident, is seeking to recover $25,000 he allegedly loaned defendant James Cally, a resident of New York.[1] Before the Court is defendant Cally's Motion to Dismiss, pursuant to Rule 12(b)(2), Federal Rules of Civil

Procedure, for lack of personal jurisdiction. Alternatively, Cally moves that this case be transferred to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). Upon consideration of the pleadings, and affidavits filed by both parties, the Motion to Dismiss is granted.

Plaintiff contends that Cally guaranteed repayment of the loan by Carr, and that the transaction was conducted by and through one Theodore Hall, an Ohio resident, who was acting as an agent for Cally. In support of these contentions, Schmelzer has submitted an affidavit from Hall wherein it is averred that Hall was acting as an agent for Cally, and that Hall listened in on a telephone conversation in which Cally guaranteed Schmelzer that the loan would be repaid. Schmelzer also submitted a photostatic copy of the face of a check drawn on the Midwest Bank & Trust Company of Cleveland, Ohio, made payable to Theodore Hall; a notation at the bottom of the check states, "As agent for J. Cally, D. Daniel and Billy Carr". Schmelzer also submitted a copy of a promissory note allegedly signed by Carr at an address in Texas, wherein the promise was made to pay Schmelzer $25,-000. Payment was to be made to Cally as Trustee for Schmelzer.

In his affidavit in support of dismissal, Cally avers that he is an attorney in New York who was representing Billy Carr at the time of this transaction, and that all matters concerning this transaction took place in the State of New York. Further, Cally avers that he never received any part of the money allegedly loaned; that he did not join in any transaction between Carr and Schmelzer and Hall; and that he was never called upon to, nor did he, secure or guarantee any funds which were or may have been loaned to Carr. While it is unclear whether this transaction actually took place in Cleveland or in New York, it is

---

1. Carr's place of residence is in dispute. Schmelzer alleges that he is a resident of New York; Cally claims Carr is a resident of Texas.

Nonetheless, service was never completed on Carr, and he has made no appearance in this

undisputed that Cally never came to Cleveland.[2]

 The Sixth Circuit has adopted the rule that in a diversity matter, a Federal Court must look to the forum state to determine the extent of in personam jurisdiction. *In Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972), *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 376 N. 2 (6th Cir. 1968). Ohio's Long Arm Statute allows a "... Court to exercise jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in the state." Ohio Rev. Code § 2307.382(A)(1).

 Construing the affidavits and allegations most favorably to the plaintiff, it appears that the most contact Cally had in the State of Ohio was through telephone conversations and the United States mail. The Sixth Circuit did indicate in *In Flight* and *Mohasco, supra*, that a letter or telephone call may be enough to establish minimum contacts; however, the Court also required that these actions by the defendant cause a consequence in the forum state. See also *Hanson v. Denkla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Specifically, the Court of Appeals stated:

> "In this Circuit, one has 'acted' so as to transact business in a state 'when obligations created by the defendant have a realistic impact on the commerce of that state.' Such 'acts' become purposeful if the defendant should have reasonably foreseen that the transaction would have consequences in that state' ". *In Flight, supra* at 226 citing *Mohasco, supra*, at 382–383.

It is the duty of this Court to consider each long arm question in relation to no-

tions of fair play and due process. Even if we assume that Hall was in fact acting as an agent for Cally, the single act of picking up a check drawn on an Ohio bank for a personal loan from a person in Ohio and delivering it to another in New York is insufficient to establish that the New York resident was transacting business in the State of Ohio. Accordingly, the Court finds that defendant Cally has transacted no business in the State of Ohio, and forcing him to come to Ohio to defend this action would violate his due process rights.

The Motion to Dismiss is granted. The Complaint in this case is dismissed, without prejudice, at the plaintiff's cost.

IT IS SO ORDERED.

---

action. The Court is *sua sponte* dismissing the Complaint against Carr.

**2.** Although Cally's Motion to Dismiss is not premised on Rule 12(b)(6), such a motion would have been well taken. It is clear that Schmelzer's Complaint fails to state a claim upon which relief can be granted against Cally. There is no evidence before the Court that any loan was made to Cally. The check allegedly

evidencing the loan was made payable to Hall, and the promissory note was allegedly signed by Carr. As to Schmelzer's guarantor claim, the Statute of Frauds requires that any agreement guaranteeing payment of the debt of another be evidenced by a writing (Ohio Revised Code § 1335.05). Schmelzer has neither alleged, nor produced, any such instrument in this case.